# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
| **CASE NUMBER** | 12 C 6222 | **DATE** | 11/27/2012 |
| **CASE TITLE** | American River Transportation Company vs. Jesse Benson | | |

**DOCKET ENTRY TEXT**

The Court grants Defendant Jesse Benson's motion to dismiss [11]. The Court grants Defendant Benson's motion to dismiss as to Count I without prejudice and as to Count II with prejudice. All pending dates and deadlines are stricken. Civil case terminated.

■[ For further details see text below.] Notices mailed by Judicial staff.

## STATEMENT

On August 7, 2012, Plaintiff American River Transportation Co., Inc. ("ARTCO") filed a two-count Complaint against Defendant Jesse Benson ("Benson") seeking a declaratory judgment and recovery of maintenance and cure payments. (R. 1, Compl.) On September 27, 2012, Benson filed a motion to dismiss the Complaint. (R. 11, Mot. to Dis.) For the following reasons, the Court grants the motion.

## FACTUAL BACKGROUND

ARTCO is a Delaware corporation that operates commercial towboats. (Compl. ¶ 2.) Jesse Benson sought employment from ARTCO on or about September 2007. (*Id.* ¶ 4.) Benson underwent a physical examination and completed a health questionnaire before ARTCO hired him on October 4, 2007. (*Id.* ¶¶ 4-5.) During the examination and on his questionnaire, Benson denied ever having been diagnosed with or treated for any low back pain or injury. (*Id.* ¶ 5.) On June 3, 2010, Benson boarded an ARTCO boat. (*Id.* ¶ 7.) On June 5, 2010, Benson informed the boat's pilot that he had injured his abdomen on June 3, 2010. (*Id.* ¶ 8.) Benson left the boat and underwent treatment for a hernia, the cost of which ARTCO paid along with maintenance and wage payments. (*Id.* ¶ 8-9.)

| | |
|---|---|
| Courtroom Deputy Initials: | KF |

In October 2010, before Benson returned to work, he complained of back pain. (*Id.* ¶ 10.) ARTCO refused to pay for treatments for this back pain based on his failure to report any pain until several months after working on ARTCO's boat. (*Id.*) Benson's doctor diagnosed Benson with congenital spondylolisthesis that predated Benson's employment with ARTCO. (*Id.* ¶ 11.) Benson then received treatment for his back and continued to receive treatment after he returned to work on ARTCO's vessels in March 2011. (*Id.* ¶ 12.) On January 3, 2012, Benson received an order for physical therapy after his doctor analyzed the results of a magnetic resonance imaging scan of his back. (*Id.* ¶¶ 13-15.) Benson did not inform ARTCO of the treatment he received or the prescribed physical therapy. (*Id.* ¶ 15.)

On January 22, 2012, ARTCO removed Benson from the boat on which he was working after he complained of back pain. (*Id.* ¶ 16.) Benson told ARTCO, during a phone interview on January 31, 2012, that he had never sought treatment for back pain prior to June 5, 2010. (*Id.* ¶ 21.) Benson subsequently obtained additional medical treatment for this back pain. (*Id.* ¶ 17.) ARTCO paid for some of Benson's medical treatment and paid Benson maintenance amounting to $5,627.09. (*Id.*) At some point, based on the belief that Benson was not entitled to maintenance and cure for his alleged back injury, ARTCO ceased paying Benson maintenance and cure. (*Id.* ¶ 23.)

## LEGAL STANDARD

### I. Rule 12(b)(1)

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). If, as here, a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital*, 572 F.3d at 443-44; *United Phosphorus*, 322 F.3d at 946. "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

### II. Rule 12(b)(6)

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

## ANALYSIS

**I.   Declaratory Judgment**

ARTCO seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201. "The Declaratory Judgment Act empowers federal courts to give declaratory judgments in 'a case of actual controversy within its jurisdiction,' but it is not an independent grant of jurisdiction, rather jurisdiction must be predicated on some other statute." *Newell Operating Co. v. Int'l Union of United Auto., Aero., & Agric., Implement Workers of Am.*, 532 F.3d 583 (7th Cir. 2008) (quoting 28 U.S.C. § 2201(a)). Because ARTCO asserts its claims under the general maritime law of the United States, this Court has jurisdiction pursuant to 28 U.S.C. §1333.

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). To satisfy Article III standing and the "actual controversy" requirement of 28 U.S.C. § 2201 "[t]he declaratory judgment plaintiff must be able to show that the feared lawsuit from the other party is immediate and real, rather than merely speculative." *See Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) (citing *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506-07, 92 S. Ct. 1749, 32 L. Ed. 2d 257 (1972) and *Norfolk Southern Ry. Co. v. Guthrie*, 233 F.3d 532, 534-35 (7th Cir.2000)).

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 2d 1620 (1942)). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id*. at 288.

ARTCO seeks a declaratory judgment that Benson misrepresented and concealed the condition of his back and/or that he is otherwise not entitled to maintenance and/or cure from ARTCO. (Compl. ¶ 30.) Under general maritime law, the vessel and its owners must pay maintenance and cure to a seaman who falls sick or becomes wounded in the service of the ship. *See Atlantic Sounding Co., Inc. v. Townsendi,* 557 U.S. 404, 413, 129 S. Ct. 2561, 174 L. Ed. 2d 382 (2009). In addition to wages, "maintenance" includes food and lodging at the expense of the ship, and "cure" refers to medical treatment. *Id*. (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001). ARTCO paid Benson for some maintenance and medical expenses following his January 22, 2012 complaints of back injury, though ceased these payments at some point prior to filing its Complaint in this case. (Compl. ¶¶ 17, 23.)

ARTCO cites three cases from outside of the Seventh Circuit to support its claim that there is an immediate and inevitable controversy. (R. 15, Mot. to Dis. Opp. at 4-6.) In each of these cases, unlike here, the employer either was already paying maintenance and cure or faced an immediate request regarding payment of medical expenses.

In *Rowan Co., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989), Rowan sought a declaratory judgment regarding its obligation to pay maintenance and cure to seaman Griffin after Griffin's doctor stated that he had fully recovered. The court held that there was an actual, not hypothetical or conditional, question before the court, even though Griffin had not made a formal or informal demand for continued payments. *Id*. Specifically, the court wrote that "all of the acts necessary for resolution of the merits of the claim . . . occurred prior to the

filing of Rowan's complaint." *Id*. Unlike Rowan, ARTCO was not paying Benson maintenance and cure at the time it filed suit. Additionally, Rowan faced a change in the status quo, namely that Griffin had fully recovered, which it sought to address before ceasing its payments. There is no similar change in circumstance facing ARTCO that necessitates immediate resolution.

Similarly, in *U.S. v. Martin*, Civ. A. No. 00-CV-303, 2001 WL 122224, at *2 (E.D. Pa. Feb. 8, 2001), the shipowner issued a declaratory judgment when the seaman failed to attend a medical examination and refused to reschedule an examination which would have allowed the shipowner to determine if the seaman was cured. Specifically, the court reasoned that "[a]bsent a declaratory judgment, the U.S. would be required to either continue to pay maintenance and cure without the ability to determine whether Martin had achieved cure, or terminate payments to Martin upon the possible sanction of consequential damages." *Id*. ARTCO does not face the same dilemma as the U.S. as it ceased paying Benson before filing suit and has not alleged that Benson currently seeks payment or additional treatment. Indeed, many of ARTCO's allegations relate to treatment Benson sought without informing ARTCO. (Compl. ¶¶ 11-15.) ARTCO has not alleged that Benson will seek reimbursement for those treatments in the future other than making the conclusory statement that "ARTCO believes litigation as to this controversy is imminent and inevitable." (*Id*. ¶ 24.)

Although, as here, the seaman in *Torch, Inc. v. Theriot*, 727 F. Supp. 1048, 1050 (E.D. La. 1990), had not demanded payment for medical treatment, the seaman's doctor contacted the shipowner to obtain a guarantee of payment for upcoming surgery. Even viewing the facts in the light most favorable to ARTCO, there is no immediate medical procedure facing Benson and no immediate question of payment facing ARTCO. ARTCO may very well fear that Benson will one day demand payment, however, "[a]pprehension of litigation alone does not make a threat immediate and real." *Am. Acad. of Orthopaedic Surgeons v. Cerciello*, No. 12 C 3868, 2012 WL 5471108, at *2 (N.D. Ill. Nov. 9, 2012) (citing *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1211 (7th Cir1980)).

Based upon the facts alleged by ARTCO, the Court finds that there is no immediate threat of litigation and no actual question ripe for resolution at this time. The Court, therefore, grants Benson's motion to dismiss ARTCO's declaratory judgment claim without prejudice.

## II. Recovery of Maintenance and Cure

ARTCO claims that Benson should reimburse ARTCO for the maintenance and cure payments ARTCO paid Benson relating to his preexisting congenital spondylolisthesis. (Compl. ¶¶ 32-37.) Specifically, ARTCO alleges that Benson forfeited his right to maintenance and cure under general maritime law because he misrepresented and/or concealed his prior medical history and conditions. (*Id*.)

Under maritime law, a seaman forfeits his right to maintenance and cure if he intentionally misrepresented or concealed medical facts that were material to the decision to hire him. *See Smith v. Apex Towing Co.* 949 F. Supp. 667, 671 (N.D. Ill. 1997) (citing *Deisler v. McCormack Aggregates, Co.*, 54 F.3d 1074, 1080 (3rd Cir. 1995). Specifically, "[w]here the seaman is required to provide pre-employment medical information and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure, if the injury incurred on the employer's vessel is causally linked to the concealed medical condition." *Id*. (citing *Wactor v. Spartan Transp. Corp.*, 27 F.3d 437, 352 (8th Cir. 1994); *McCorpen v. Central Gulf S. S. Corp.*, 396 F.2d 547, 549 (5th Cir. 1968)) (internal quotations omitted). This is known as the *McCorpen* defense.

ARTCO claims that this Court should allow it to recover the maintenance and cure payments it paid to Benson based on the fact that the *McCorpen* defense would prevent Benson from receiving maintenance and cure.

Neither party has cited any authority from the Seventh Circuit regarding whether a cause of action exists for recovery of maintenance and cure payments. Instead, ARTCO relies on one unpublished Ninth Circuit opinion and a few district court opinions to support its claim for relief. (Mot. to Dis. Opp. at 7-11.) None of these cases, however, bind this Court. *See e.g., Joseph Stevens & Co., Inc. v. Cikanek*, No. 08 C 706, 2008 WL 2705445, at *3 (N.D. Ill. July 9, 2008) ("'Binding precedent regarding interpretation of federal law is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit.'" (quoting *In re Starlink Corn Prods. v. Aventis Cropscience U.S. Holding*, 211 F. Supp. 2d 1060, 1063 (N.D. Ill. 2002))). Moreover, none of theses cases persuade this Court to carve out a cause of action based upon an existing defense.

First, although in *Vitcovich v. Ocean Rover O.N.* the Ninth Circuit held that the district court did not err in granting summary judgment for a shipowner on its counterclaim for reimbursement of maintenance and cure against a *pro se* seaman, the court did not directly address the validity of a cause of action for recovery. No. 94-35047, 1997 WL 21205, at *4 (9th Cir. Jan. 14, 1997). The court analyzed whether the shipowner had met the elements of the *McCorpen* defense without discussing the legal basis for restitution. (*Id.* at *3-4.) Similarly, in *Quiming v. International Pacific Enterprises, Ltd.*, 773 S. Supp. 230 (D. Hawaii 1990), the court discussed the elements of the *McCorpen* defense but did not address the issue of whether maritime law supports a cause of action for the recovery of maintenance and cure payments.

The Court also finds ARTCO's citation to *Souviney v. John E. Graham & Sons*, unpersuasive as that court focused its analysis on the *McCorpen* defense and did not provide any legal citation for its conclusion that the shipowner could recover the benefits it paid the seaman. Civ. A. No. 93-0479-B-C, 1994 WL 416643, at *5 (S.D. Ala. Apr. 1, 1994). In addition, ARTCO's citation to *Phillips v. Hunter Martine Transp., Inc.*, 09-CV-0997-SCW, 2012 WL 4471646, at *8 (S.D. Ill. Sept. 26, 2012) is inapposite as the employer invoked diversity jurisdiction, rather than admiralty jurisdiction, and asserted a claim for fraud and material misrepresentation.

Finally, although the district court in *Boudreaux v. Transocean Deepwater, Inc.*, Civ. A. No. 08-1686, 2011 WL 5025268, at *2 (E.D. La. Oct. 20, 2011) addressed the issue at hand, this Court is not bound by that court's decision. Indeed, the court in *Boudreaux* acknowledged that recovery of maintenance and cure payments was a res nova issue in the Fifth Circuit and that "very few courts in the country have addressed the issue." *Id.* at *3, *5. Relying on the admiralty principles from *McCorpen* and its progeny, the court held that an employer may seek restitution in special circumstances. *Id.* at *5. The court noted, however, that the "facts of this case are unique because the seamen not only failed to disclose his condition during the initial stages of employment but also concealed it by failing to timely disclose it to his employer and his own attorney until years later, and then only on the eve of the ruling on the *McCorpen* issue." *Id.* at *5. Notably, the court certified the case for appeal and the Fifth Circuit has yet to review the district court's decision. *See Boudreaux v. Transocean Deepwater, Inc.*, Civ. A. No. 08-1686, at *1 (E.D. La. Dec. 7, 2011).

This Court refuses to create an affirmative cause of action based on the *McCorpen* defense. The Court's findings do not, however, preclude ARTCO from utilizing the *McCorpen* defense in a related lawsuit. The Court also does not rule out the possibility that ARTCO may recover under another theory of liability based on Benson's alleged misrepresentations. ARTCO, however, has not provided the Court with any legal basis or policy rationale to recognize that maritime law supports a cause of action for recovery of maintenance and cure payments. The Court, therefore, dismisses Count II with prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Benson's motion to dismiss as to Count I without prejudice and as to Count II with prejudice.